UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaime K. Beason, ) | C/A No.: 5:13-cv-03008-MGL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER ON |
| ) | MOTION TO FILE |
| ) | DOCUMENTS UNDER SEAL |
| South Carolina Electric & Gas Company, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on Defendant's Motion to file its Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment under seal. ECF No. 27. Defendant filed its Motion on August 8, 2014, and Plaintiff's Response was due on August 28, 2014. *See* ECF No. 25. Plaintiff did not file a Response to Defendant's Motion. In support of this Motion, Defendant maintains that its Reply and Exhibits E and F attached to the Reply contain personal medical information that the public has no need to review. ECF No. 27.

Applicable law and the Local Rules of this court provide specific guidance regarding consideration of a motion to seal. *See* Local Civ. Rule 5.03 (D.S.C.) (setting out procedure to be followed in moving to seal documents filed with the court). In conducting its review, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion

notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218 F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by Defendant's electronic filing of the motion to seal, which includes a non-confidential description of the documents it seeks to have filed under seal. ECF No. 27; 27-1. *See* Local Civ. Rule 5.03(D) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement). Defendant filed the Motion on August 8, 2014, and no one, including Plaintiff, has opposed Defendant's Motion to Seal.

Regarding the remaining requirements, the court has reviewed the documents Defendant seeks to seal and finds that it is appropriate to grant Defendant's Motion. In conducting its review, the court considered less-drastic alternatives to sealing Defendant's Reply and Exhibits E and F to Defendant's Reply but finds no reasonable less-drastic alternative available. The documents sought to be filed under seal contain or consist of confidential medical information and an affidavit concerning medical information about an individual and the individual's family. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court, therefore, grants Defendant's Motion to Seal, ECF No. 27, and Defendant's Reply and Exhibits E and F to the Reply to Defendant's Motion for Summary Judgment, ECF No. 21, are to be filed under seal.

IT IS SO ORDERED.

September 11, 2014                                                          Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge