IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jaime K. Beason, | ) | Civil Action No.: 0:13-3008-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| South Carolina Electric & Gas Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jaime K. Beason, ("Plaintiff"), brought this action against her former employer, South Carolina Electric & Gas Company, ("Defendant"), alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 et seq. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the case was referred to United States Magistrate Judge Paige J. Gossett for consideration of all pre-trial matters.

On July 1, 2014, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 21). Plaintiff filed a Response in Opposition on July 14, 2014, (ECF No. 23), and Defendant filed a Reply on July 24, 2014. (ECF No. 24). On January 23, 2015, the Magistrate Judge prepared and submitted a thorough Report and Recommendation, (ECF No. 32), recommending that Defendant's Motion for Summary Judgment be granted and that the case be dismissed. On February 6, 2015, Plaintiff filed a timely Objection to the Report. (ECF No. 33). The matter is now ripe for decision by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record of this case including the Report and, in particular, the Plaintiff's Objection to the Report, in which Plaintiff objects, principally, to the Magistrate Judge's determination that Plaintiff failed to adequately establish the second element of the *prima facie* case for FMLA retaliation; specifically, that Plaintiff failed to establish that Defendant took an "adverse employment action" against Plaintiff by not permitting her to return from FMLA leave to either her old position or to an "equivalent position with equivalent...benefits, pay and other terms," as required under the act. (ECF No. 33).

The Court has carefully considered Plaintiff's Objection in light of all of the record evidence in the case, but in particular in light of the relevant portions of Plaintiff's deposition, (ECF No. 23-1), and concludes that the Magistrate Judge properly determined that Plaintiff failed to produce sufficient evidence to raise a factual question as to whether she was denied the opportunity to return to her old position or to an equivalent position in terms of work hours and use of paid time off ("PTO"). See ECF No. 32 at pp. 8-9. As the Magistrate Judge sets out in the Report, a review of Plaintiff's own deposition testimony compels the conclusion that Plaintiff never sought to return to

her old position, or to an equivalent one in terms of work hours and use of PTO. Instead, Plaintiff made a series of requests that she be permitted to return to work at a reduced work schedule, including a request to regularly use her accumulated PTO to create, in practice, such a schedule. (ECF No. 23-1 at pp. 191-92, 200-01). By her own admission, at no time did Plaintiff articulate a desire to return to employment under her old work schedule, once her various requests to be permitted to regularly work less than 40 hours per week were denied. Id. at 191-93. Similarly, at no time did a representative of Defendant articulate to Plaintiff that she would not be permitted to return to her original position with original hours and compensation. Id. at 195-96.

Therefore, in light of all of the foregoing, the Court overrules Defendant's Objection and adopts the Magistrate Judge's Report in full, incorporating it herein by reference. (ECF No. 32). Defendant's Motion for Summary Judgement, (ECF No. 21), is **GRANTED**, and this case is **DISMISSED**.

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

Columbia, South Carolina
February 10, 2015